Tian v. Sessions

BIA
Vomacka, IJ
A200 929 153

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand eighteen.

PRESENT:
PIERRE N. LEVAL,
ROSEMARY S. POOLER,
ROBERT D. SACK,
*Circuit Judges.*

_____

SHUHUI TIAN,
*Petitioner,*

v.                                          16-3403
                                            NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:         Farah Loftus, Los Angeles, CA.

FOR RESPONDENT:         Chad A. Readler, Acting Assistant
                        Attorney General; Erica B. Miles,
                        Senior Litigation Counsel;
                        Elizabeth K. Fitzgerald-Sambou,
                        Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shuhui Tian, a native and citizen of the People's Republic of China, seeks review of a September 21, 2016, decision of the BIA affirming an October 17, 2014, decision of an Immigration Judge ("IJ") denying Tian's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shuhui Tian,* No. A200 929 153 (B.I.A. Sept. 21, 2016), *aff'g* No. A200 929 153 (Immig. Ct. N.Y. City Oct. 17, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA and review only the ground for decision on which the BIA relied—Tian's failure to meet his burden of proof. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For the reasons that follow, we conclude that the agency did not err in determining that

Tian failed to demonstrate past persecution or a well-founded fear of future persecution.

I.    Past Persecution

While the Immigration and Nationality Act does not define persecution, *see Baba v. Holder*, 569 F.3d 79, 85 (2d Cir. 2009), the BIA has defined it as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985), *overruled in part on other grounds by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). "The BIA must . . . be keenly sensitive to the fact that a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006) (quoting *Ivanishvili*, 433 F.3d at 341)).   The harm must be sufficiently severe to rise above "mere harassment."  *Ivanishvili*, 433 F.3d at 341.

The agency did not err by determining that Tian's past harm did not rise to the level of persecution.  8 U.S.C. § 1252(b)(4) (A determination that an applicant has failed

3

to meet his burden is "conclusive unless manifestly contrary to the law and an abuse of discretion."). Tian's alleged harm—that family planning officials pushed him into a corner, punched him in the stomach, slapped his face causing his nose to bleed, and then detained him for two days—is indistinguishable from the allegations in *Jian Qiu Liu v. Holder*, 632 F.3d 820 (2d Cir. 2011). In *Jian Qiu Liu*, we declined to remand where the agency concluded that the applicant's past harm—being slapped in the face, punched repeatedly, and detained for two days—did not rise to the level of persecution. 632 F.3d at 821-23. Accordingly, because the agency took Tian's subsequent detention into account when assessing the context of his beating and correctly observed that Tian was beaten *before* detention, was not mistreated while detained, and did not suffer any lasting injury, we find no error in the agency's conclusion that this single incident does not constitute persecution. *Id.; Beskovic*, 467 F.3d at 226 (requiring agency to consider context of mistreatment).

II. Future Persecution

Absent past persecution, an alien may still establish eligibility for asylum by demonstrating a well-founded fear of future persecution, which is a "subjective fear that is

4

objectively reasonable." *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (internal quotation marks omitted); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("For an asylum claim, the applicant must show a reasonable possibility of future persecution." (internal quotation marks omitted)). "In the absence of solid support in the record," a fear of persecution is not well founded and "is speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

The agency did not err in determining that Tian failed to establish a well-founded fear of future persecution. 8 U.S.C. § 1252(b)(4). The agency reasonably found speculative Tian's claim that he would be persecuted on his return to China for his past opposition to the family planning policy because he remained in China for two and a half years after his beating and detention without incident, his wife has remained in China without harm, and he provided no evidence that the Chinese government has any continued interest in him. *Jian Xing Huang*, 421 F.3d at 129; *see Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding fear of future persecution diminished when similarly-situated family members have remained). Accordingly, because the agency reasonably found that Tian

failed to demonstrate a well-founded fear of persecution, it did not err in denying asylum or in concluding that he necessarily failed to meet the higher burdens for withholding of removal and CAT relief. *Y.C.*, 741 F.3d at 335.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

6